IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA DIANE PETERS,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) 2:11-CV-1483<br>) |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>    Defendant. | )<br>)<br>) |

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the plaintiff's motion for summary judgment (ECF No.11) be denied; that the defendant's motion for summary judgment (ECF No. 13) be granted, and that the decision of the Commissioner be affirmed.

II. Report

Presently before the Court for disposition are cross motions for summary judgment.

On November 28, 2011, Linda Diane Peters by her counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing her claim for Supplemental Security Income benefits under Sections 1614 and 1631 of the Act, as amended, 42 U.S.C. §1381 cf.

The instant application for Supplemental Security Income Benefits was filed on September 23, 2008 (R.98). On November 14, 2008, benefits were denied (R.55-59), and on December 31 2008, the plaintiff requested a hearing (R.60). Pursuant to that request a hearing

was held on November 25, 2009 (R.26-52). In a decision filed on January 28, 2010, an Administrative Law Judge denied benefits (R.12-23), and on March 9, 2010, the plaintiff requested reconsideration of that determination (R.9-10). On September 17, 2011, the Appeals Council affirmed the prior determination (R.1-3). The instant complaint was filed on November 28, 2011.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Johnson v. Comm'r. 529 F.3d 198 (3d Cir.2008). The court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999).

The purpose of the Supplemental Security Income Program is to provide additional income to persons of limited resources who are aged, blind or disabled persons. 42 U.S.C. §1381; Chalmers v. Shalala, 23 F. 3d 752 (3d Cir. 1994). To be eligible for such benefits,

an individual's income must not exceed a certain established maximum and he/she must fulfill certain eligibility requirements.

As set forth in 20 C.F.R. § 416.905(a) disability is defined as:

> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

In addition, a person will be considered disabled if he/she is

> (a) ... permanently and totally disabled as defined under a State plan approved under title XIV or XVI of the Social Security Act, as in effect for October 1972; (b) ... received aid under the State plan ... for the month of December 1973 and for at least one month prior to July 1973; and (c) ... continue[s] to be disabled as defined under the State plan.

20 C.F.R. § 416.907.

A physical or mental impairment is defined in 20 C.F.R. §416.908 as an:

> impairment [which] result[s] from anatomical, physiological, or psychological abnormalities which [are demonstrated] by medically acceptable clinical and laboratory diagnostic techniques.

For purposes of determining whether or not the plaintiff met the eligibility requirements, certain evidence was considered by the Commissioner.

At the hearing held on November 25, 2009, the plaintiff appeared with counsel (R.28) and testified that she was born on October 2, 1963 and that she completed the twelfth grade (R.30). The plaintiff also testified that she has difficulty using her fingers and arm of her non-dominant limb (R.31-33,41-43); that she experiences back trouble (R.33); that she suffers from headaches which require her to lay down (R.32,40); that her medication makes her dizzy

3

(R.35); that she has difficulty carrying objects (R.42) and that she has help performing household chores (R.47).

At the hearing a vocational expert was called upon to testify (R.36-39, 49-51). The witness characterized the plaintiff's prior work experience as a home health aide and food preparer as being of medium exertional demand (R.37). When asked to assume an individual with the plaintiff's background who could lift and carry ten pounds occasionally and three to five pounds frequently, who could stand, walk or sit for up to eight hours and has limitations on the use of her non-dominant arm and hand, the witness testified that with such limitations the individual could be gainfully employed in jobs which exist in substantial numbers (R.37-39). He further testified that even if the individual had to change positions frequently and one arm could not be used, that person could be employed (R.49). However, he also testified that if the individual had to lay down twice a week for two hours, he/she would not be employable (R.50-51).

In addition, certain other evidence was considered.

The plaintiff was hospitalized from June 1, 2007 through June 5, 2007 for syncope, morbid obesity and asthma. All tests were negative and her condition was attributed to tiredness (R.158-185, 289-293).

The plaintiff was hospitalized from June 15, 2007 through June 21, 2007 for a flaccid left arm, slurred speech, mental status change, emotional lability and questionable seizures. The symptoms were attributed to a conversion disorder (R.186-209).

The plaintiff attended occupational therapy between June 27, 2007 and August 8, 2007 on six occasions (R.210-214).

The plaintiff was treated at Elwar Neurology Associates between July 10, 2007 and April 14, 2008. Left arm weakness was noted. No serious neurological abnormalities were reported (R.215-226).

Electromyographic reports for the period from August 15, 2007 through May 18, 2008 were reviewed and no bases for her left arm weakness was discovered (R.227-234).

The plaintiff was treated by Dr. Michael Wahl between January 22, 2007 and October 1, 2008 for asthma, elevated blood pressure and cholesterol and left arm numbness which appeared to be spreading to her right arm. It was also reported that the plaintiff had bulging discs at C3-C4 and C5-C6 (R.239-293).

The plaintiff had various radiology and lab studies conducted between May 8, 2007 and October 15, 2008. Mild cervical changes were noted, a brain MRI and CT scan were normal. A mild airflow obstruction was also observed (R.294-313).

In a report of a residual functional capacity evaluation made on November 13, 2008 (R.314-320), it was noted that the plaintiff could occasionally lift twenty pounds, frequently lift ten pound and stand/walk or sit for six hours. The plaintiff was evaluated by Dr. Munir Y. Elwar between October 23, 2008 and January 15, 2009. Left arm neurological difficulties were observed. EMG studies were normal (R.321-333).

The plaintiff was treated by John S. Dudkowski, D.C. between June 27, 2009 and September 24, 2009 (R.334-337).

The plaintiff was treated by Dr. Michael Wahl between November 29, 2008 and October 26, 2009. It was noted that the plaintiff was not using her medication properly and was not exercising. Sleep apnea was also reported (R.338-352).

Based on the evidence presented, the Commissioner determined:

1. The claimant has not engaged in substantial gainful activity since her alleged onset of disability on June 1, 2007 or September 3, 2008.

2. The claimant has the following impairments that, in combination, are severe: a flaccid left arm, morbid obesity, asthma, hypertension, obstructive sleep apnea, disc bulging at C4-5 and C5-6 levels of the cervical spine, headaches, and intermittent right arm numbness of undetermined etiology...

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments...

4. After careful consideration of the entire record, the undersigned finds that due to her combined impairments and alleged pain, the claimant has the residual functional capacity to perform sedentary to light work ... except she can stand and walk four hours and sit up to four hours in an eight-hour workday, and can lift weights of ten pounds occasionally and five pounds frequently. She has no use of her left, non-dominant arm and hand but has occasional use of her right, dominant arm and hand. She needs a sit stand option changing positions at a maximum frequency of every thirty minutes...

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment...

Diet and exercise have been recommended for her obesity, yet she admitted at the hearing that she has not had time to exercise because of the needs of taking care of her home. This is a fundamental inconsistency in her testimony that undermines her credibility. She testified that she has extreme limitations in functioning, yet does not have time to do exercises recommended by her physician because she is too busy doing housework...

5. The claimant has no past relevant work experience...

>    6. The claimant was born on October 2, 1963 and was 44 years old, which is defined as a younger individual age 18-49, on the date the application was filed.
>
>    7. The claimant has at least a high school education and is able to communicate in English.
>
>    8. Transferability of job skills is not an issue because the claimant does not have any past relevant work experience...
>
>    9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform...
>
>    10. The claimant has not been under a disability, as defined in the Social Security Act, since her alleged onset of disability... (R.17-23).

The evidence demonstrates that while the plaintiff suffers from a number of maladies, none of which individually or in combination meet the requirements for a showing of disability, so much of her claim relies on her subjective symptoms which are not supported by the objective findings. Rather, the matter becomes a credibility issue, a matter entrusted to resolution by the Commissioner. <u>Diaz v. Commissioner</u>, 577 F.3d 500,506 (3d Cir.2009). The matter was resolved adversely to the plaintiff.

Summary judgment is appropriate where there are no material factual issues in dispute and the movant is entitled to judgment as a matter of law. <u>Lamont v. New Jersey</u>, 637 F.3d 177,181 (3d Cir.2011). In the instant case there are no material issues of fact in dispute, and the findings of the Commissioner are supported by substantial evidence. For this reason, it is recommended that the defendant's motion for summary judgment be granted, and that the decision of the Commissioner be affirmed.

Within fourteen days after being served with a copy, any party may serve and file written objections to the report and recommendation. Any party opposing the objections shall have fourteen days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

                                               Respectfully submitted,
                                               s/Robert C. Mitchell
                                               United States Magistrate Judge

Date: July 5, 2012